IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:04CR53 |
| | ) | |
| ALVAN DEVON HOLT | ) | |

O R D E R

OSTEEN, District Judge

On November 18, 2004, Defendant Alan Devon Holt was convicted by a jury of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 841(a)(1), and the use and carrying of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On June 7, 2005, the day Holt was to be sentenced, the court granted his motion to suppress all evidence in the Government's case and dismissed the charges against him. At the June 7 hearing, the Government indicated its objection to the ruling and its intent to appeal. The Government also moved for an order of detention pending appeal. The court deferred ruling on the motion for detention until more information could be provided about Holt by the United States Probation Office.

The Probation Office has now provided a report on Holt's circumstances, criminal background, and other information, and has recommended that Holt be detained while the Government

appeals the suppression ruling. The court finds that detention is appropriate in this case.

Under 18 U.S.C. § 3143(c), where the Government takes an appeal, a court must review a motion for detention under the factors listed in 18 U.S.C. § 3142, which covers release or detention of a defendant awaiting trial. See 3B Fed. Prac. & Proc. Crim. 3d § 767 ("If the district court orders dismissal of the indictment . . . and the government has a right to appeal, release or detention of defendant . . . should be under the more liberal standard for release prior to trial."). The court must consider the following in assessing whether the defendant will appear and in taking into account the safety of the community: (1) "[t]he nature and circumstances of the offense charged," including whether it is a violent crime or involved a narcotic drug; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person," including things such as his family ties, employment, ties to the community, history of drug and alcohol abuse, and criminal history; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

In this case, the factors show that Holt should be detained. First, the crimes with which he was charged involved narcotic drugs and the use of a gun in furtherance of illegal drug

2

activity. Second, there is substantial evidence against Holt if the court's ruling is reversed by the Court of Appeals. A jury has already found Holt guilty on all charges based on the suppressed evidence. Third, Holt has an irregular employment history and a history of drug and alcohol use. He was last employed in 2000, four years before his arrest. While he has family ties in the community, including his mother, girlfriend, and daughter who live in the Charlotte area, this may not be enough to ensure his appearance in the future. It was stated at the June 7 hearing that Holt faces a significant sentence if the verdict against him is reinstated. Additionally, the court's ruling turns on questions of law, which the Court of Appeals will review de novo. Finally, his criminal history shows a pattern of illegal drug activity going back to 1995, as well as other crimes going back even further. There is no reason for the court to believe he will cease this pattern of activity if he is released now, and so the court finds that he would be a danger to the community. Therefore, based on the factors in 18 U.S.C. § 3142(g),

IT IS HEREBY ORDERED THAT Defendant Alvan Devon Holt shall be detained pending the Government's appeal.

This the 24th day of June 2005.

_____
United States District Judge